UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
KISHONA ARCHER,

           Plaintiff,

   -against-

ALW SOURCING, LLC.

           Defendant.
-----------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ DEC 22 2010 ★
BROOKLYN OFFICE

SUMMONS ISSUED

Case No.
CV 10 - 5970

IRIZARRY, J.
POLLAK M.J.

COMPLAINT

      Plaintiff, by and through her attorneys, FAGENSON & PUGLISI, upon knowledge as to herself and her own acts, and as to all other matters upon information and belief, brings this complaint against the above-named defendant and in support thereof alleges the following:

### INTRODUCTION

      1.    This is an action for damages brought by an individual consumer for defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, *et seq* which prohibits debt collectors from engaging in abusive, deceptive and unfair acts and practices. This action is also brought pursuant to New York General Business Law §349 ("NYGBL §349") for defendant's deceptive acts and practices.

### PARTIES

      2.    Plaintiff is a natural person residing in this District and is a consumer as defined by the FDCPA, §1692a(3).

1

3.     Upon information and belief, defendant is a foreign limited liability company incorporated in Maryland. Said defendant collects or attempts to collect debts already in default by use of the mail and/or the telephone.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction and venue pursuant to 15 U.S.C. §1692k(d) (FDCPA) and 28 U.S.C. §1331 and supplemental jurisdiction exists over the NYGBL §349 claims pursuant to 28 U.S.C. §1367.

## AS AND FOR A FIRST CAUSE OF ACTION

5.     Plaintiff re-alleges paragraphs 1 to 4 as if fully re-stated herein.

6.     That at a date better known to defendant, defendant commenced the collection of a consumer debt allegedly originally owed by plaintiff to Sears.

7.     That sometime in or around December 2009, defendant's employee contacted plaintiff by the telephone.

8.     That defendant's employee informed plaintiff that she was calling about a debt plaintiff owed to Sears.

9.     That plaintiff denied any knowledge of such a debt and told the employee that plaintiff will have to go home and research her records to see whether she does in fact owe such a debt.

10.    That defendant telephoned plaintiff several times after said conversation but plaintiff did not speak with anyone at defendant's office, nor did plaintiff contact defendant in any way.

11. That a few days after the aforementioned telephone conversation with defendant's employee, plaintiff began to receive a series of debt collection letters from defendant.

12. That the first of the series of letters is dated December 16, 2009.

13. That the next letter plaintiff received from defendant is dated December 20, 2009. Said letter states that a review of defendant's records indicates that plaintiff had not kept the payment arrangement she made with defendant's office. The letter then went on to demand payment of the debt with a request that plaintiff contact the defendant in three days to explain why she had not sent payment in compliance with the payment agreement.

14. That the next letter plaintiff received from defendant is dated December 23, 2009 and states, in pertinent part:

> "Your regularly scheduled payment on the above account is now due according to the terms you arranged with our office."

15. That the next letter plaintiff received from defendant is dated January 2, 2010 and states, in pertinent part:

> "A review of our records indicates that you have not kept the payment arrangement you made with our office. Please contact us within 3 days of your receipt of this letter to discuss why you have not sent your payment."

16. That plaintiff did not ever enter into any payment arrangement with defendant. That plaintiff never promised to pay the debt defendant was seeking to collect.

17. That defendant's repeated statements and assertions that plaintiff promised to pay the debt or that plaintiff has made payment arrangements with defendant to pay the debt are false and deceptive.

3

18. That, on information and belief, said Sears account, if ever owned by plaintiff, was last paid more than ten years ago.

19. That defendant's aforementioned false and deceptive statements were made so that plaintiff would believe, and calculated so that plaintiff would believe, that she has renewed the statute of limitations for the debt by making a promise to pay.

20. That by reason of the foregoing false and deceptive statements, defendant has violated the FDCPA, including but not limited to §§1692e and 1692e(10).

21. That defendant has further violated the FDCPA, §1692e(2)(A), inasmuch as defendant falsely represented the legal status of the debt by implying that the statute of limitations had been renewed.

## AS AND FOR A SECOND CAUSE OF ACTION

22. That plaintiff re-alleges paragraphs 1 to 21 as if fully re-stated herein.

23. That each of the deceptive and misleading acts and practices above-mentioned was committed in the conduct of a business, trade or commerce or the furnishing of a service in New York State and constitutes a violation of NYGBL §349.

24. That defendant improperly sought to lead plaintiff to believe that she had made payment arrangements with defendant, when she had in fact not done so.

25. That defendant is therefore in violation of NYGBL §349(a) and liable to plaintiff under NYGBL §349(h).

4

WHEREFORE, plaintiff respectfully prays that judgment be entered against defendant as follows:

(a) statutory and actual damages pursuant to 15 U.S.C. §1692k in an amount to be determined at the time of trial;

(b) statutory and actual damages pursuant to NYGBL §349(h) in an amount to be determined at the time of trial;

(c) enjoining defendant from further direct contact with plaintiff pursuant to NYGBL §349;

(d) reasonable attorneys' fees, costs and disbursements pursuant to 15 U.S.C. §1692k and NYGBL §349(h); and

(e) for such other and further relief as may be just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff requests trial by jury on all issues so triable.

Dated: New York, New York
December 22, 2010.

_____
NOVLETTE R. KIDD, ESQ.(NK 9339)
FAGENSON & PUGLISI
Attorneys for Plaintiff
450 Seventh Avenue, Suite 704
New York, New York 10123
Telephone: (212)268-2128
nkidd@fagensonpuglisi.com

5